[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 17, 2007
THOMAS K. KAHN
CLERK

No. 06-15791
Non-Argument Calendar

_____

D. C. Docket Nos.
04-01403-CV-T-27-MSS
02-00442-CR-T-2

VICTOR OTERO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 17, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

In 2003, Victor Otero pleaded guilty to one count of possessing with the intent to distribute five or more kilograms of a mixture or substance containing a detectable amount of cocaine while on board a speed boat subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. §§ 1903(a) and 1903(g) and 21 U.S.C. § 960(b)(1)(B)(ii). Otero, who was represented by a lawyer in the district court proceedings, was sentenced to 135 months in federal prison. Otero did not appeal his conviction or sentence.

In 2004, Otero, without representation, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Among other things, Otero alleged that his trial lawyer rendered constitutionally ineffective assistance when he failed to file a notice of appeal of Otero's 135-month sentence even though Otero specifically "insisted" that he do so. The district court scheduled an evidentiary hearing on Otero's ineffective assistance claim and appointed a new lawyer to represent him. Following the evidentiary hearing, the district court rejected Otero's ineffective assistance claim, expressly finding Otero's "testimony that he directed his attorney to appeal is not credible." The district court considered and rejected Otero's other claims on the briefs and they are not before us in this appeal. The district court denied Otero's subsequent request for a certificate of appealability.

We granted a certificate of appealability on two issues:

(1)     Whether counsel's communications with Otero regarding his right to appeal were sufficient to fulfill his duty to consult. See United States v. Thompson, 481 F.3d 1297 (11th Cir. 1997).

(2)     Whether, if counsel did not fulfill his duty to consult, Otero has shown a reasonable probability that he would have appealed. See id.

After a thorough review of the briefs, the record, and the relevant legal authority, we conclude that Otero's trial lawyer had no constitutional duty to consult Otero about an appeal and thus did not render constitutionally ineffective assistance by failing to do so.[1]  Accordingly, we affirm the district court's judgment denying Otero's § 2255 motion.

## I.  DISCUSSION

"In a Section 2255 proceeding, we review legal issues de novo and factual findings under a clear error standard." United States v. Walker, 198 F.3d 811, 813 (11th Cir. 1999).

---

[1]     We will assume for the sake of argument that Otero's lawyer failed to consult with Otero about his appeal options — that is, failed to "advis[e] [Otero] about the advantages and disadvantages of taking an appeal" and failed to "mak[e] a reasonable effort to discover [Otero's] wishes." Roe v. Flores-Ortega, 528 U.S. 470, 478, 120 S. Ct. 1029, 1035 (2000).  This means the answer to the first COA issue is no.  However, for the reasons discussed in the text, the failure of Otero's lawyer in this regard does not itself constitute deficient performance because there was, under the circumstances of this case, no constitutional duty to consult in the first place.  We therefore need not address the second COA issue.

3

At the outset, we must reject Otero's assertion that he directed his lawyer to file a notice of appeal on his behalf. The district court heard live testimony on this issue from Otero, Otero's trial lawyer, and the Spanish-English interpreter who participated in Otero's sentencing hearing. The district court expressly credited the testimony of Otero's lawyer,[2] who said that Otero never instructed him to file a notice of appeal, and expressly discredited Otero's contrary testimony that he did in fact give such instructions. We must respect the district court's credibility determination on this issue; the district court's factual finding is not clearly erroneous. See Thompson v. United States, 481 F.3d 1297, 1300 (11th Cir. 2007). We thus conclude that Otero did not direct his lawyer to file a notice of appeal.

We have been told by the Supreme Court that in cases like this — "cases where the defendant [does not] instruct[] counsel to file an appeal" — "the question whether counsel performed deficiently by not filing a notice of appeal is best answered by . . . asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal." Flores-Ortega, 528 U.S. at 478, 120 S. Ct. at 1035. As we noted above, we will assume for the sake of argument that Otero's lawyer did not "consult" — as that term is used in Flores-

_____

[2]     The testimony of Otero's lawyer was corroborated by the testimony of the interpreter.

Ortega — with Otero about an appeal.[3]  Given this assumption, the dispositive question in this appeal is "whether counsel's failure to consult with the defendant itself constitutes deficient performance."  Id.

A criminal defense lawyer is not under a per se constitutional obligation to consult with his or her client about an appeal.  In some cases, the Sixth Amendment requires such consultation; in others, it does not.  "We cannot say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient."  Flores-Ortega, 528 U.S. at 479, 120 S. Ct. at 1036.  The Supreme Court has rejected a bright-line rule in this context because such a rule would be "inconsistent with Strickland's[4] holding that 'the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'"

[3]  The testimony of Otero's lawyer, which was credited by the district court, was that he did consult with and advise Otero on three occasions concerning the appeal waiver.  He advised Otero that with the guilty plea he would likely receive a sentence within the guideline range of 135 to 168 months (that is, receiving acceptance of responsibility and safety valve reductions), and that if he received such a sentence, there would be no promising basis to appeal.  He fully advised Otero about the appeal waiver, although counsel also told Otero that even though he had signed the appeal waiver, counsel would nevertheless file a notice of appeal if requested (although it would probably be futile).  Finally, counsel told Otero he intended to seek a minor role reduction (which would further reduce the likely sentence), but that this was only a possibility.  However, counsel acknowledged that, after the sentence was imposed, he did not consult with Otero about appealing.  Accordingly, we assume arguendo (but expressly do not decide) that counsel did not consult with Otero as that term is contemplated in Flores- Ortega and Thompson.

[4]  Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

Id. at 478, 120 S. Ct. at 1035.

Rather than countenancing an inflexible rule, the Court in Flores-Ortega held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480, 120 S. Ct. at 1036. This inquiry is informed by several "highly relevant" factors, including: whether the conviction follows a guilty plea, whether the defendant received the sentence he bargained for, and "whether the plea [agreement] expressly . . . waived some or all appeal rights." Id.

Here, Otero's conviction was the result of a guilty plea, which tends to indicate that he was interested in "seek[ing] an end to judicial proceedings." Id. And although his sentence of 135 months was lengthier than his lawyer told him he might possibly receive if the court were to grant him a minor-role reduction under the Sentencing Guidelines, his lawyer advised Otero that he would probably receive a sentence within the range of 135 to 168 months and that there would be no promising appeal of such a sentence. After receiving and understanding this advice, Otero explicitly agreed as part of his guilty plea to waive the right to

6

challenge on appeal any application of the Guidelines (with exceptions which are not relevant). Otero actually received a sentence of 135 months, the low end of the guideline range predicted by his lawyer.

In answering the question of whether a rational defendant would want to appeal his sentence, it is relevant to ask whether there are any potential non-frivolous grounds for appeal, whether there was a guilty plea, and whether the plea expressly waived the right to appeal. See Flores-Ortega, id. at 480, 120 S.Ct. at 1036. All those factors weigh heavily in favor of the government in this case. The plea agreement signed by Otero contained a typical appeal-waiver provision, pursuant to which Otero "expressly waive[d] the right to appeal [his] sentence, directly or collaterally, on any ground." This broad waiver contained four exceptions. Those exceptions allowed Otero to appeal (1) "an upward departure by the sentencing judge," (2) "a sentence above the statutory maximum," (3) "a sentence in violation of the law apart from sentencing guidelines," or (4) any sentence if the Government appealed.[5] Otero does not argue that any of these exceptions apply in this case. Therefore, on account of the plea agreement's broad appeal waiver, any appeal taken by Otero would have been frivolous and would

---

[5] The district court rejected Otero's allegation (also contained in his motion for relief under § 2255) that his sentence should be set aside because he did not fully understand the terms of his plea agreement. Otero does not challenge that ruling on appeal.

7

have been an appeal that no rational defendant would have taken.

The only evidence relied upon by Otero to establish that he showed any interest in appealing is his own testimony at the evidentiary hearing in which he said that (1) he instructed his lawyer (through the interpreter, at the conclusion of the sentencing hearing) to file a notice of appeal and that (2) he tried to contact his lawyer via letter and telephone to communicate this request. As we noted above, however, the district court discredited Otero's testimony on both of these points, and we are bound to respect the court's factual finding. We therefore conclude that there is no evidence indicating that Otero reasonably demonstrated to his lawyer any interest in appealing his sentence. To the contrary, Otero's lawyer testified that Otero never indicated a desire to appeal. The district court, crediting counsel's testimony, so found. Indeed, the district court found: "Prior to sentencing, Petitioner agreed with Ostrander [his counsel] that no viable appeal would be available if a sentence within the guideline range was imposed."

Because no rational defendant in Otero's position would have sought to appeal in light of the broad appeal waiver, and because Otero did not communicate to his lawyer a desire to appeal, we conclude that Otero's lawyer was not under a constitutional obligation to consult Otero about an appeal.

## II.  CONCLUSION

For these reasons, we conclude that the performance of Otero's trial lawyer was not constitutionally deficient.  Accordingly, the district court's judgment denying Otero's § 2255 motion is

AFFIRMED.