[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11012
Non-Argument Calendar
_____

D. C. Docket Nos. 05-22764-CV-PAS
04-20035-CR-PAS

MARCIAL CUERO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 13, 2008)

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Federal prisoner Marcial Cuero, with the assistance of counsel, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We issued a certificate of appealability ("COA") as to whether the district court erred in denying Cuero's claim that his trial counsel was ineffective for failing to file a notice of appeal. Cuero argues that his trial counsel should have filed an appeal because his counsel did not sufficiently consult with him about an appeal. Cuero also argues that his trial counsel incorrectly advised him that he was barred from appealing because of the appellate waiver in his plea bargain.

## I.    Scope of COA

As a preliminary matter, we must determine if Cuero's incorrect-advice argument is within the scope of the COA. To obtain a COA, the prisoner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Appellate review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

Since Cuero's incorrect-advice argument is outside the scope of the COA, we will not consider it further. *See id.*

## II.    Duty to Consult

In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions *de novo* and factual findings for clear error. *Lynn v. United States*, 365

2

F.3d 1225, 1232 (11th Cir. 2004). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*. *Caderno v. United States*, 256 F.3d 1213, 1216-17 (11th Cir. 2001). We allot "substantial deference to the factfinder . . . . in reaching credibility determinations with respect to witness testimony." *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003) (quotation omitted).

In *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000), the Supreme Court held that *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), applies to determine whether counsel was ineffective for failing to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 477, 120 S. Ct. at 1034. Under *Strickland*, a movant demonstrates ineffective assistance of counsel by showing: "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Id.* at 476-77, 120 S. Ct. at 1034 (quotation and citations omitted).

With respect to the first prong of *Strickland*, whether counsel's representation fell below an objective standard of reasonableness, the Supreme Court reaffirmed that "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 791-92 (11th Cir. 2005) (citing

3

*Flores-Ortega*, 528 U.S. at 477, 120 S. Ct. at 1035). If the defendant does not instruct his counsel to file an appeal, counsel's performance would be constitutionally adequate if he consulted with the defendant about an appeal. *Flores-Ortega*, 528 U.S. at 478, 120 S. Ct. at 1035.

The Supreme Court defined the term "consult" specifically to mean "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480, 120 S. Ct. at 1036. To determine if a rational defendant would want to appeal, we consider it "relevant to ask whether there are any potential non-frivolous grounds for appeal, whether there was a guilty plea, and whether the plea expressly waived the right to appeal." *Otero v. United States*, 499 F.3d 1267, 1271 (11th Cir. 2007). Whether the defendant reasonably demonstrated to counsel that he was interested in appealing is a factual finding that we review for clear error. *Id.* at 1269, 1271.

With respect to the second prong of the *Strickland* test, whether counsel's

4

deficient performance prejudiced the defendant, the *Flores-Ortega* Court held that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.*, 528 U.S. at 484, 120 S. Ct. at 1038. The defendant need not show the putative merits of such an appeal. *Id.*, 528 U.S. at 485-86, 120 S. Ct. at 1039-40; *Gomez-Diaz*, 433 F.3d at 793.

Since a rational defendant would not have been interested in an appeal in this case and the record supports the district court's finding that Cuero never indicated any interest in an appeal, trial counsel did not have a constitutional duty to consult with Cuero about an appeal. Thus, even if trial counsel insufficiently consulted with Cuero, it did not amount to ineffective assistance of counsel.

## III.  Conclusion

Having reviewed the record and the parties' briefs, we conclude that the district court's denial of Cuero's § 2255 motion is due to be affirmed.

**AFFIRMED.**