[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-13183
Non-Argument Calendar

_____

D. C. Docket Nos. 04-22561-CV-AJ
00-00345-CR-AJ

THOMAS R. JACKSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 15, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Thomas R. Jackson, a federal prisoner, appeals the district court's denial of his *pro se* motion to vacate, pursuant to 18 U.S.C. § 2255. The district court granted a limited certificate of appealability on the issue of whether Jackson received ineffective assistance of counsel when his trial counsel failed to subpoena and call a particular individual, Corey Jones, as a defense witness during his trial. On appeal, Jackson argues that Jones was an indispensable witness for his defense because he possessed letters from Luis Perez, a cooperating government witness who testified against Jackson at trial, letters which allegedly exculpated him of the offense conduct. Jackson further asserts that Jones's testimony could have been used to impeach Perez, contradicting (1) his explanation at trial that his written statements and affidavit exculpating Jackson of the offense conduct were only made out of fear of Jackson, and (2) his other trial testimony that these written statements and affidavit contained false statements.

Whether counsel was ineffective is a mixed question of law and fact. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). "In a Section 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard." *Otero v. United States*, 499 F.3d 1267, 1269 (11th Cir. 2007) (per curiam) (internal quotation marks omitted).

A claim of ineffective assistance of counsel is governed by the standards of

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

*Grossman v. McDonough*, 466 F.3d 1325, 1344 (11th Cir. 2006). Under

*Strickland*'s two-part test, petitioner must demonstrate: (1) that "counsel's

representation fell below an objective standard of reasonableness," and (2) that

"there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Darden v. Wainwright*, 477

U.S. 168, 184, 106 S. Ct. 2464, 2473, 91 L. Ed. 2d 144 (1986) (internal quotation

marks omitted); *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)

(en banc). A reasonable probability is one "sufficient to undermine confidence in

the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Our scrutiny of counsel's performance is "highly deferential," and we

indulge a "strong presumption" that counsel's performance was reasonable.

*Chandler*, 218 F.3d at 1314 (internal quotation marks omitted). "We must avoid

second-guessing counsel's performance: It does not follow that any counsel who

takes an approach we would not have chosen is guilty of rendering ineffective

assistance." *Id.* (internal quotation marks and brackets omitted). Thus, "[g]iven the

strong presumption in favor of competence, the petitioner's burden of persuasion

– though the presumption is not insurmountable – is a heavy one." *Id.*

Jackson failed to satisfy either prong under *Strickland*. First, the district

3

court did not clearly err in finding that trial counsel made reasonable efforts to contact and interview Jones prior to learning, during a pre-trial hearing, that the government did not intend to elicit any testimony regarding Jones during Jackson's trial. Moreover, trial counsel reasonably ceased in his efforts to contact Jones after that hearing, since Jones's testimony no longer appeared to be relevant to his defense of the case.[1] Second, Jackson failed to show that he was prejudiced by trial counsel's allegedly deficient performance. As we previously found in affirming Jackson's convictions and sentences on direct appeal, even if counsel had successfully interviewed Jones and had become aware of the letters from Perez before trial, it would likely not have produced a different result.[2]

Since Jackson failed to demonstrate either part of the test in *Strickland*, we affirm the district court's denial of his § 2255 motion.

**AFFIRMED.**

---

[1] Trial counsel was unaware, prior to trial, that Jones would have provided exculpatory testimony. At the time, counsel reasonably believed that Jones's only relevance to the trial strategy was that Jones could rebut testimony from Perez that Jones introduced Perez to Jackson for the purpose of facilitating a drug deal.

[2] At most, the letters were additional impeachment material against Perez, who already was cross-examined extensively during trial. Moreover, there was sufficient evidence, other than Perez's testimony, on which a reasonable juror could have relied to find Jackson guilty of the offense conduct at trial.