[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13336
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 2:06-cr-00452-RDP-TMP-2,

2:08-cv-08016-RDP -TMP

MACKESE WALKER SPEIGHT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 23, 2011)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Mackese Speight appeals the district court's order denying her 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct her sentence. Speight pleaded guilty, without a plea agreement, to one count of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371, three counts of carjacking, in violation of 18 U.S.C. § 2119, and three counts of using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1). For these offenses, the district court sentenced Speight to 819 months' imprisonment.[1] Speight did not file a direct appeal. Less than one year later, Speight filed a § 2255 motion, arguing that she received ineffective assistance of counsel when her trial attorney failed to consult with her concerning the advisability of appealing either her guilty plea or the sentence imposed. The district court denied her motion, finding that Speight's attorney was not deficient in failing to consult with Speight about an appeal because, *inter alia*, no rational defendant in Speight's position would have wanted to appeal. Speight now appeals the dismissal of her § 2255 motion.[2]

We first note that the Speight does not argue that she specifically requested

---

[1] Of this sentence, 684 months was the result of mandatory sentences imposed for the three § 924(c) offenses

[2] We review *de novo* a district court's legal conclusions in a § 2255 proceeding. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Whether counsel is ineffective is a mixed question of law and fact that we review *de novo*. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). We will interfere with a credibility determination only if it is clearly erroneous. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

that her counsel file an appeal. Nevertheless, Speight's counsel was still constitutionally deficient if he failed in his duty to consult with her regarding an appeal. That constitutional duty is triggered if either (1) a rational defendant in Speight's position would want to appeal or (2) Speight reasonably demonstrated an interest in appealing. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). If Speight's attorney did perform deficiently, then to succeed in her ineffective assistance of counsel claim Speight must show that she was prejudiced by counsel's failure to file an appeal, i.e., Speight "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with [her] about an appeal, [s]he would have timely appealed." *Id.* at 484.

In the "vast majority of cases," the Supreme Court expects lower courts to find "that counsel had a duty to consult with the defendant about an appeal." *Id.* at 481; *see also Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007). Factors that help us determine whether a rational defendant would want to appeal include whether there are nonfrivolous grounds for appeal, whether the conviction follows a guilty plea, whether the defendant received the sentence she bargained for, and whether the plea agreement waived appellate rights. *Flores-Ortega*, 528 U.S. at 480; *see also Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007) (per curiam).

3

The government argues that no rational defendant would have wanted an appeal because 57 years of Speight's sentence was the result of mandatory consecutive sentences for the § 924(c)(1) offenses, and because Speight pleaded guilty, which ordinarily weighs against a defendant because it indicates that the defendant was interested in "seek[ing] an end to judicial proceedings." *Flores-Ortega*, 528 U.S. at 480. We disagree, and find that the district court clearly erred in finding that no rational defendant would want to appeal Speight's guilty plea or 819 month sentence. Speight is a mother of two young children, and she received a sentence of roughly 68 years for her first criminal episode. Unlike many defendants, Speight entered a blind guilty plea, thereby preserving her appellate rights. *See Otero*, 499 F.3d at 1271 (holding that "on account of the plea agreement's broad appeal waiver, any appeal taken by Otero would have been frivolous and would have been an appeal that no rational defendant would have taken"); *Devine v. United States*, 520 F.3d 1286, 1288 (11th Cir. 2008) (per curiam) (finding that there were no nonfrivolous grounds for appeal because the defendant had pleaded guilty, there was no suggestion the plea was invalid, and the defendant's plea contained an appeal waiver).

Further, Speight had issues of arguable merit to appeal. Specifically, the court may have committed a Rule 11(b) violation by not clearly advising Speight

that the three mandatory minimum sentences for the § 924(c)(1) offenses would be consecutive to *each other*. Speight also could have appealed the reasonableness of the discretionary eleven year portion of her sentence.

Because a rational defendant in Speight's position would have sought to appeal, Speight's attorney was under a constitutional obligation to consult Speight about an appeal. *See Otero*, 499 F.3d at 1270. After an evidentiary hearing, the magistrate judge found that Speight's attorney did not consult with Speight about an appeal, and the district court agreed. These decisions were not clearly erroneous—Speight's attorney's only advice to Speight and her family was that there was nothing to appeal. *See Thompson*, 504 F.3d at 1207 ("Simply asserting the view that an appeal would not be successful does not constitute 'consultation' in any meaningful sense."). Instead, adequate consultation requires that an attorney inform a client about her right to appeal, advise the client about the advantages and disadvantages of taking an appeal, and make a reasonable effort to determine whether the client wishes to pursue an appeal. *Id.* at 1206. Accordingly, Speight's attorney performed deficiently by not consulting with Speight about an appeal.

Finally, we conclude that Speight was prejudiced as a result of counsel failing to consult with her regarding an appeal. There was a reasonable

5

probability that, but for counsel's deficient failure to consult, Speight would have timely appealed. Speight has showed nonfrivolous grounds for appeal, thereby bolstering her contention that she would have appealed if her attorney had consulted with her. *Flores-Ortega*, 528 U.S. at 486 (explaining that "showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed"). Moreover, like the defendant in *Thompson*, 504 F.3d at 1208, Speight and her family expressed dissatisfaction with what they perceived as a lengthy sentence. Had counsel consulted adequately with Speight about an appeal, there is a reasonable probability that Speight would have appealed.

Speight is entitled to pursue an out-of-time appeal of her conviction and sentence. Accordingly, we reverse the district court's denial of Speight's § 2255 motion.[3]

**REVERSED.**

---

[3] Speight's motion to expand the certificate of appealability is DENIED because it was untimely. *See Tompkins v. Moore*, 193 F.3d 1327, 1332 (11th Cir. 1999).