[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2011
JOHN LEY
CLERK

No. 11-12491 ; 11-14263
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-00452-RDP-TMP-2


UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

versus

MACKESE WALKER SPEIGHT,
a.k.a. Mackese A. Walker,
a.k.a. Keekee,

　　　　　　　Defendant - Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(December 19, 2011)

Before MARCUS, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Mackese Speight pled guilty to one count of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (Count 1); three counts of carjacking, in violation of 18 U.S.C. § 2119 (Counts 2, 4, and 6); and three counts of using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Counts 3, 5, and 7). She now appeals her conviction and 819-month sentence. Speight alleges that her guilty plea was not entered knowingly and voluntarily. She also contends that her 819-month sentence is procedurally and substantively unreasonable and constitutes cruel and unusual punishment.

I.

In 2006, Speight was indicted for a number of offenses related to three carjackings. Her parents hired Emory Anthony, Jr. to represent her, but Speight and her parents later expressed concern about the quality of Anthony's representation, prompting him on February 8, 2007 to move to withdraw from the case. Speight and Anthony discussed the issue with the court the following day, and Speight agreed that Anthony would continue to represent her. Later that day, Speight proceeded to plead guilty, without a plea agreement, to all charges against her. She was sentenced on May 24, 2007 to 819 months in custody, and the

2

sentence was not appealed.

On May 22, 2008, Speight filed an ineffective assistance of counsel claim under 18 U.S.C. § 2255, requesting the right to file an out of time appeal, among other relief. On May 24, 2010, the district court adopted the magistrate judge's Report and Recommendations and denied Speight's motion. Speight appealed the denial, and on May 23, 2011, this Court reversed the district court and authorized Speight to file an out of time appeal of her conviction and sentence. In order to procedurally allow Speight to make her appeal, the district court reimposed her sentence on September 13, 2011. This appeal followed.

## II.

Speight raises three issues in this appeal. First, she alleges that her plea was not entered knowingly and voluntarily because (1) counsel's assistance was ineffective and (2) the trial court's plea colloquy did not satisfy the requirements of Federal Rule of Criminal Procedure 11(b). Next, Speight contends that her sentence was procedurally and substantively unreasonable, such that the district court's sentencing was an abuse of discretion. Last, she argues that her sentence is so excessive as to amount to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

## A.

Because a guilty plea admits criminal conduct and waives the defendant's constitutional right to a jury trial, it must "not only must be voluntary but must be [a] knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." *Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir. 1995) (citation and internal quotation marks omitted). A guilty plea is knowing and voluntary if the defendant entered the plea without coercion and with the understanding of the nature of the charges and the consequences of the plea. *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 2403 (2010).

A defendant asserting ineffective assistance of counsel must demonstrate that (1) counsel performed deficiently and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). When asserting an ineffective assistance of counsel claim in the context of a claim that a plea was involuntary or unknowing, the prejudice prong of *Strickland* is satisfied by a showing that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

Even if counsel was deficient in advising Speight about her trial options and

4

potential sentence, Speight has not shown that this created prejudice. Speight argues that it was deficient for her lawyer to only tell her that she faced "a lot" of jail time, rather than calculating and disclosing the mandatory minimum sentence that she faced. This may be true, but Speight did not express confusion about this issue to the court or attempt to get more information about her potential sentence. When the presentence report was issued, stating that she faced separate and consecutive mandatory-minimum sentences of 84 months, 300 months, and 300 months, she did not object to these sentences, even though she objected to other portions of the report. Furthermore, during her Rule 11 hearing she responded to the sentencing judge that she understood the penalties she faced, and "[t]here is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Because Speight has failed to demonstrate that she would not have pled guilty but for counsel's errors, we reject her ineffective assistance of counsel claim and turn to her allegation that the sentencing court violated Rule 11(b).

Rule 11 is intended to protect a defendant's rights by ensuring that (1) her guilty plea is free from coercion, (2) she understands the nature of the charges against her, and (3) she knows the possible direct consequences of her guilty plea. *United States v. Zickert*, 955 F.2d 665, 668 (11th Cir. 1992) (per curiam). Speight

5

argues that the district court did not satisfy the third of these objectives because it failed to explain that her mandatory sentences for Counts 3, 5, and 7 would run consecutively to each other, not just consecutively to other non-mandatory sentences. Because Speight did not object to any Rule 11 violations below, she must demonstrate plain error by the district court. *See United States v. Vonn*, 535 U.S. 55, 59, 122 S. Ct. 1043, 1046 (2002).

Rule 11(b) requires the district court to inform a defendant of "any maximum possible penalty, including imprisonment, fine, and term of supervised release" and "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(H), (b)(1)(I). The sentencing court accurately related to Speight the maximum penalties and any mandatory minimum penalties for each count. The district court then stated, "with respect to Counts 3, 7, and 5 that I've gone over with you [that imposed mandatory minimum sentences of 7, 25, and 25 years, respectively], if there's a conviction or a guilty plea on those counts, they may not be—the custody sentences for those counts may not be served concurrently with any other imprisonment with respect to any other sentence on any other count." The court reiterated by saying, "In other words, those would be consecutive; they would be stacked. Do you understand that?" Speight affirmed that she did understand. Speight now argues that from this explanation it would be natural to infer that

because the court had only pointed out that the mandatory sentences could not run concurrently to the discretionary sentences, the mandatory sentences as a group could run concurrently with each other. Under this rationale, Speight could have contemplated a mandatory minimum sentence of 25 years, rather that 57 years.

Although we agree that the court's colloquy was somewhat unclear, we are bound by our decision in *United States v. Humphrey*, in which we found that it was not plain error for the district court to fail to state in its Rule 11 colloquy that the sentences for different counts would run consecutively. 164 F.3d 585, 587–88 (11th Cir. 1999). We therefore do not find sufficient support for Speight's Rule 11 claim.

> In summary, the court questioned Speight during the plea colloquy:
>
> And do you understand that if you get a higher penalty than you are expecting, *even if you misunderstood or miscalculated how to arrive at an estimate about the sentencing and you end up getting a higher penalty than you thought* . . . that would not be the basis for setting aside the guilty plea that you are . . . entering. Do you understand that?

(emphasis added). Speight answered in the affirmative. We have no other grounds to find that her plea was unknowing and involuntary or that her plea colloquy failed to satisfy the requirements of Federal Rule of Criminal Procedure 11(b).

7

B.

We review under an abuse of discretion standard whether a sentence is procedurally or substantively unreasonable. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). This inquiry involves two steps. First, we determine whether the district court committed any significant procedural errors, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* Second, if we are satisfied that the district court complied procedurally, we "consider the substantive reasonableness of the sentence imposed," *id.*, and ask whether the district court has failed "to achieve the purposes of sentencing as stated in section 3553(a)," *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

The district court correctly calculated the Guidelines range, made no statements during sentencing to indicate that it believed the Guidelines to be mandatory, recited and considered § 3553(a) factors, and explained its rationale for the sentence imposed. Because we conclude that there were no procedural defects in this process, we turn to whether the sentence was substantively

unreasonable.

Counts 3, 5, and 7 required imposition of a mandatory minimum sentence of 684 months, and here the district court had no discretion with respect to that portion of the sentence. *See United States v. Castaing-Sosa*, 530 F.3d 1358, 1361–62 (11th Cir. 2008) (per curiam). Therefore, we consider only the reasonableness of the remaining portion of the sentence imposed. The Guidelines range for Speight's other offenses was 135–168 months and the district court imposed a sentence of 135 months "due to the lack of criminal history but also because of the statutory minimums and the fact that that is a reasonable sentence that computes to a total sentence that the Court believes is reasonable under the circumstances but not greater than necessary to comply with the statutory purposes of sentencing." Based on the facts of the case and in light of the § 3553(a) factors, we do not find the sentence imposed by the district court to be an abuse of discretion.

### C.

"We review challenges to the constitutionality of a sentence *de novo*." *United States v. Sanchez*, 586 F.3d 918, 932 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 1926 (2010). Outside the context of capital punishment, "successful challenges to the proportionality of particular sentences should be exceedingly

rare." *Hutto v. Davis*, 454 U.S. 370, 374, 102 S. Ct. 703, 705 (1982) (citation and internal quotation marks omitted). "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000) (per curiam) (quoting *United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995) (per curiam)). We review the sentence imposed by first determining whether the sentence imposed is "grossly disproportionate to the offense committed." *Id.* If we find that it is, we then consider sentences imposed on others convicted of the same crime. *Id.* Speight's sentence is admittedly high for a first-time offender, but the harsh mandatory minimums that apply to this case do not provide the sentencing Judge with the flexibility to take into account Speight's personal circumstances. Although at the time of her sentence Speight was a 28 year old mother of two minor children, we are unable to find the 819-month sentence to be grossly disproportionate to the offenses committed, which included three violent carjackings and the use of firearms.

**AFFIRMED.**