United States Court of Appeals,

Eleventh Circuit.

No. 94-8984.

UNITED STATES of America, Plaintiff-Appellee,

v.

John D. BRANT, Defendant-Appellant.

Aug. 25, 1995.

Appeal from the United States District Court for the Southern District of Georgia. (No. 6:94-00007-CR-01), B. Avant Edenfield, Chief Judge.

Before KRAVITCH, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

Brant appeals from a 188-month sentence imposed for manufacturing marijuana. Invoking the Fifth Amendment and the Eighth Amendment, he challenges the sentence. Because the career offender provisions of the Sentencing Guidelines, which led to Brant's sentence, violate neither the Fifth nor the Eighth Amendments, we affirm.

Brant pled guilty to one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). He conceded that he could be held accountable for 100 plants. His criminal record included earlier state court convictions for (i) growing marijuana with intent to distribute; (ii) selling marijuana; (iii) armed robbery; and (iv) escape. The probation office applied the career offender provisions set forth at U.S.S.G. § 4B1.1 to determine his guideline range. Application of section 4B1.1 increased Brant's total offense level from 23 to 31 and his Criminal History Category from IV to VI. The low end of his guideline range under section

4B1.1 increased from 70 to 188 months.

Brant says that the application of the career offender provisions violated the Eighth Amendment prohibition against the imposition of cruel and unusual punishment.  He argues that the sentence is (i) disproportionate to the offense;  and (ii) excessive when compared to the sentences imposed for other federal crimes and for drug trafficking crimes under state law.

In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle.  *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (upholding mandatory non-parolable life sentence imposed upon accused convicted of possessing more than 650 grams of cocaine).  Before *Harmelin,* we considered three elements in analyzing proportionality arguments:  (1) the gravity of the offense and the harshness of the sentence;  (2) the sentences imposed on other criminals in the same jurisdiction;  and (3) the sentences imposed for commission of the same crime in other jurisdictions. *McCullough v. Singletary,* 967 F.2d 530, 535 (11th Cir.1992) (citing *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)), *cert. denied,* --- U.S. ----, 113 S.Ct. 1423, 122 L.Ed.2d 792 (1993).  But, this Court, construing  *Harmelin,* recently modified the three factor *Solem* test.  *Id.*  The new test directs the reviewing court to consider the remaining *Solem* factors only *if* the court has first made a threshold determination that the sentence imposed is grossly disproportionate to the offense.  *Id.* (approving reasoning of *McGruder v. Puckett,* 954 F.2d 313 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 146, 121 L.Ed.2d 98

(1992)).

The Supreme Court has squarely rejected an Eighth Amendment challenge to a 40-year sentence imposed under Virginia law for possession of *nine ounces* marijuana. *Hutto v. Davis,* 454 U.S. 370, 371-375, 102 S.Ct. 703-704-06, 70 L.Ed.2d 556 (1982). More recently, under the newly modified *Solem* test, we have rejected an Eighth Amendment challenge to the mandatory life sentence provisions of 21 U.S.C. § 841(b)(1). *See United States v. Willis,* 956 F.2d 248, 251 (11th Cir.1992) (cocaine offense); *see also United States v. Diaz,* 26 F.3d 1533, 1545 (11th Cir.1994) (cocaine offense), *cert. denied,* --- U.S. ----, 115 S.Ct. 952, 130 L.Ed.2d 895 (1995). In the light of these precedents, the 15.66 year sentence imposed in this case is not sufficiently disproportionate to the offense to trigger application of the remainder of the *Solem* analysis. The Eighth Amendment has not been violated.

Brant also argues that the career offender provisions violate the Due Process and Equal Protection Clauses of the Fifth Amendment. He contends that the provisions are irrational and arbitrary because a defendant with a more extensive criminal record could have a lower Criminal History Category, while a "mega-farmer" convicted of growing 10,000 marijuana plants would have the same offense level.

Although this Court has not specifically addressed U.S.S.G. § 4B1.1, we have held that a similar provision, section 4B1.4 (armed career criminal) violates neither due process nor equal protection. *See United States v. Johns,* 984 F.2d 1162, 1164 (11th Cir.1993). "The career offender scheme of using a defendant's criminal record

in considering both his offense level and his criminal history under the Sentencing Guidelines bears a rational relationship to a legitimate governmental purpose—"to prevent repeat offenders from continuing to victimize society.' " *Johns,* 984 F.2d at 1164 (quoting *United States v. John,* 936 F.2d 764, 766 n. 2 (3rd Cir.1991). Brant's due process and equal protection claims are unpersuasive.

AFFIRMED.