[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2007
THOMAS K. KAHN
CLERK

No. 06-14679
Non-Argument Calendar

_____

D. C. Docket No. 05-00081-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE BLACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 13, 2007)**

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Clarence Black appeals his 235-month sentence for possession with intent

to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii).  Based on his status as a career offender and his past criminal conduct, the PSR calculated his based offense level at 31 (34 with a 3-level reduction for cooperation) and put him at a criminal history category of VI, resulting in a sentencing guidelines range from 188 to 235 months.  The district court sentenced Black at the top of the guidelines range, 235 months, because of "all the aggravating factors" and "the defendant's criminal history" which, in the court's view, demonstrated a "total disregard for the law."

On appeal, Black contends that his sentence was disproportionate to his criminal activities such that it violated the proportionality clause of the Eighth Amendment.  He argues that because the primary target of the drug investigation, Antonio Payne, received a sentence of only 148 months, his own sentence of 235 months is unconstitutionally disproportionate in comparison.

Black did not raise this Eighth Amendment objection at sentencing, so we review only for plain error.  See United States v. Raad, 406 F.3d 1322, 1323 (11th Cir.), cert. denied, 126 S. Ct. 196 (2005).  "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  Id.

In noncapital cases, the Eighth Amendment contains only a narrow proportionality principle because Congress is entitled to great deference in determining the types and limits of punishments. Raad, 406 F.3d at 1323. Typically we consider three elements in analyzing a proportionality argument: (1) the gravity of the offense and the harshness of the sentence; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. United States v. Brant, 62 F.3d 367, 368 (11th Cir. 1995). But in our Brant decision, construing the Supreme Court's decision in Harmelin v. Michigan, 501 U.S. 957, 111 S. Ct. 2680 (1991), we modified the test so that the reviewing court is only to consider the remaining factors after "the court has first made a threshold determination that the sentence imposed is grossly disproportionate to the offense." Id.

Here, Black does not even argue that his sentence was disproportionate to his offense. He only argues that his sentence was disproportionate to that given to a co-defendant. Therefore, we need not look further. Black's sentence was reasonable in proportion to the crime charged. He has a history of extensive criminal conduct and was convicted of possessing with the intent to sell 500 grams or more of cocaine. His sentence was less than half the statutory maximum. There was no violation of the Eighth Amendment.

**AFFIRMED.**