[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15500
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 1, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00058-CR-IPJ-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW EMORRIS GARRETT,
a.k.a. Emar,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 1, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Andrew Emorris ("Emar") Garrett appeals his convictions and sentences for

conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute fifty grams or more of cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Garrett challenges both his conviction and ultimate sentence. He argues that (1) a search warrant executed on March 8, 2007 was facially defective because it failed to state specifically when the facts occurred that provided the requisite probable cause for the search; (2) the district court erred in refusing to sever Count 4, charging him with possession with intent to distribute cocaine base, cocaine and marijuana, from the remaining counts because the former pertained to an entirely different conspiracy; (3) the district court erred in admitting audio and video recordings into evidence at trial because a proper predicate was not provided; (4) the district court erred in refusing to strike the government's notice of sentencing enhancement because the definition of prior felony drug offense did not include possession-only crimes; and (5) his ultimate life sentence was cruel and unusual. For the reasons set forth below, we affirm.

I.

Garrett first argues that while the warrant stated that the officer received information from a confidential and reliable informant within the last 72 hours, there was no indication of when the basis for the informant's assertions actually occurred. Consequently, Garrett contends, the information could have been stale.

We review the denial of a motion to suppress under a mixed standard of review, "reviewing the district court's findings of fact under the clearly erroneous standard and the district court's application of law to those facts *de novo*." *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004) (internal quotation marks omitted). Under the Fourth Amendment, probable cause only exists where "the information supporting of the government's application for a search warrant [is] timely." *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994). In determining timeliness, factors to consider include, "the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." *Id.* "[S]tale information is not fatal," however, "if the government affidavit updates, substantiates, or corroborates the stale material." *Id.*

Despite Garrett's arguments to the contrary, we conclude that the warrant was not facially defective. Regardless of when the informant obtained the information that drugs could be purchased at Garrett's residence, the officer obtained the search warrant within 72 hours of engaging in a controlled drug buy at the residence. Thus, any potentially stale information was updated and substantiated. Moreover, the search was to take place at a location that was believed to be involved in an ongoing drug-trafficking conspiracy and was

3

occupied by a member of the conspiracy, such that the information would not be stale. Because the information was not stale, sufficient probable cause existed to support the facial validity of the search warrant.

## II.

Garrett next argues that the district court should have severed Count 4 from the rest of the indictment because, he claims, it pertained to an entirely different conspiracy than the one referred to in Count 1. He asserts that the joinder of counts prejudiced him because the warrant for the March 2007 search was related to Count 4, and the evidence recovered during the search was used at trial to convict him of Counts 1 and 3.

Two or more offenses may be charged in the same indictment if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Improper joinder under Rule 8 is subject to harmless error analysis, such that, absent actual prejudice that had a substantial and injurious effect or influence in determining the jury's verdict, misjoinder is harmless error. *United States v. Watson*, 866 F.2d 381, 384-85 (11th Cir. 1989). "[W]e will not reverse the denial of a severance motion absent a clear abuse of discretion resulting in compelling prejudice against which the district court offered no protection."

*United States v. Dowd*, 451 F.3d 1244, 1249 (11th Cir.) (internal quotation marks omitted), *cert. denied*, 127 S. Ct. 335, 166 L. Ed. 2d 250 (2006).

We have held that offenses committed in furtherance of an overall conspiracy are properly joined under Rule 8(a). *United States v. Diaz*, 248 F.3d 1065, 1102 (11th Cir. 2001). Because Count 4 alleged (1) an activity that occurred within the time frame of the alleged conspiracy and (2) an act consistent with the alleged conspiracy, it was appropriately joined to the other counts. Thus, the district court did not abuse its discretion in refusing to sever Count 4.

### III.

Next, Garrett argues that the district court admitted audio and video evidence without a proper predicate. He contends that the government made no showing concerning (1) the competence of the recording machine operator; (2) the fidelity of the equipment; (3) absence of alterations to the recording; or (4) any independent assurances of accuracy.

We review evidentiary rulings for abuse of discretion and will only reverse when it has affected a defendant's substantial rights. *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir. 2004). Although the government should produce evidence regarding the competence of a recording machine operator, the fidelity of the equipment, the absence of alterations to the recorded media, and the identity of

5

the speakers, "the trial court has broad discretion to allow [media] into evidence without such a showing so long as there is independent evidence of accuracy." *United States v. Reed*, 887 F.2d 1398, 1405 (11th Cir. 1989). We have held that testimony that recorded media contain an accurate rendition of conversations that were heard constitutes independent indicia of reliability. *United States v. Richardson*, 764 F.2d 1514, 1524 (11th Cir. 1985). Thus, because an agent and informant testified as to the accuracy and reliability of the video and audio recordings, sufficient indicia of reliability existed to admit the recordings into evidence at trial. Accordingly, the district court did not abuse its discretion in admitting the evidence.

## IV.

Garrett also argues that the district court erred in refusing to strike the government's notice of sentencing enhancement because the definition of a prior felony drug offense did not include possession-only crimes.

We review the application of law to sentencing issues de novo. *United States v. Mejias*, 47 F.3d 401, 403 (11th Cir. 1995) (per curiam). If any person commits a violation of 21 U.S.C. § 841(a)(1) or of §§ 849, 859, 860, or 861 after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without

6

release.  21 U.S.C. § 841(b)(1)(A).  A felony drug offense is defined as an offense that is punishable by imprisonment for more than one year under any law of the United States or a state.  21 U.S.C. §  802(44).

Under Alabama law, a felony is any offense for which a sentence to a term of imprisonment in excess of one year is authorized.  Ala. Code § 13A-1-2(8). Unlawful possession of a controlled substance is a Class C felony under Alabama Law which is punishable by not more than 10 years' imprisonment or less than one year and one day.  Ala. Code §§ 13A-12-212; 13A-5-6(a)(3). We have held, moreover, that a prior felony conviction in Alabama for possession of pentazocine meets the requirements for enhancement under § 841(b)(1)(A).  *United States v. Westry*, 524 F.3d 1198, 1220 n.12 (11th Cir. 2008) (per curiam).

Because Garrett's 2001 conviction for possession was subject to punishment by more than one year and we have held that felony drug offenses are not limited to distribution-only crimes, Garrett's prior conviction was a felony drug offense under § 802(44).   Accordingly, the district court did not err in refusing to strike the government's enhancement notice.

V.

Finally, Garrett argues that his mandatory life sentence constitutes cruel and unusual punishment because his involvement in the present crime was minimal and

7

his two prior crimes were non-violent and victimless. Thus, he contends, a life sentence is grossly disproportionate to the crime.

We review Constitutional challenges to a sentence de novo. *United States v. Lyons*, 403 F.3d 1248, 1250 (11th Cir. 2005). The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." *United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995) (per curiam). A sentence which is not otherwise cruel and unusual does not become so simply because it is "mandatory." *See id.* We have previously held, moreover, that a mandatory life sentence under § 841(b)(1) was not cruel and unusual punishment. *United States v. Willis*, 956 F.2d 248, 251 (11th Cir. 1992) (per curiam).

Garrett has failed to show that his sentence is grossly disproportionate to the seriousness of the offenses, and we have previously upheld life sentences for distribution. Thus, he has failed to establish that his sentence is cruel or unusual. Moreover, because of his two prior drug felony convictions, the life sentence he received was mandated by statute. *See* 21 U.S.C. § 841 (b)(1)(A). Accordingly, we affirm.

**AFFIRMED.**