[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11876
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00037-SCJ-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BACARDI STIGGERS,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 5, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Bacardi Stiggers, a prisoner proceeding *pro se*, appeals the district court's

denial of his 18 U.S.C. § 3582(c)(2) motion to modify his term of imprisonment. After thorough review, we affirm.

Stiggers pleaded guilty in 2005 to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a) and 841(b)(1)(C).  As part of his plea agreement, Stiggers conceded he was a "career offender" under United States Sentencing Guideline § 4B1.1, which meant his adjusted offense level was 32 and his criminal history category was VI.  After a three-level reduction for acceptance of responsibility, Stiggers's guideline range was 151 to 188 months' imprisonment.  The district court sentenced him to 151 months' imprisonment.

On October 26, 2011, Stiggers filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the guidelines, which lowered the base level for crack-cocaine offenses.  The district court denied the motion, finding that it lacked the authority to reduce his sentence because Stiggers was sentenced as a career offender.  This is Stiggers's appeal.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).  Under § 3582(c)(2), a district court may modify a defendant's sentence only where the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by

the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Stiggers argues that he is entitled to a sentence reduction based on Amendment 750, which lowered the base level for crack-cocaine offenses. But he was not sentenced under the guidelines for crack-cocaine offenses. Rather, he was sentenced under § 4B1.1 as a career offender. The retroactive amendments did not change his guideline range, and § 3582(c)(2) thus does not authorize a sentence reduction. *Lawson*, 686 F.3d at 1321.

Stiggers also asserts that the district court's failure to reduce his sentence is contrary to Congress's intent in the Fair Sentencing Act of 2010 to reduce the sentencing disparity between powder and crack-cocaine offenders. But the district court's discretion in considering a sentence reduction is constrained by § 3582(c)(2). *United States v. Melvin*, 556 F.3d 1190, 1192 (11th Cir. 2009). As discussed above, here the district court lacked the authority to act.

Stiggers next argues that the exclusion of career offenders from the retroactive amendments violates his due process and equal protection rights. Like Stiggers's other arguments, this is foreclosed by circuit precedent. *See United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995) (holding that sentencing a person as a career offender "bears a rational relationship to a legitimate governmental purpose").

Finally, Stiggers contends that § 1B1.10 of the Sentencing Guidelines, which prevents a district court from reducing a sentence unless the underlying guideline range is reduced, is invalid because it is arbitrary and capricious, violates the notice and comment provision of the Administrative Procedure Act, and exceeds the Commission's authority under 18 U.S.C. § 994(o).  We need not address these arguments, however, because the plain language of § 3582(c)(2) forecloses a sentence reduction when the defendant's sentencing range is not lowered by subsequent guidelines amendments, regardless of whether § 1B1.10 is valid.  *See United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008).

**AFFIRMED.**