[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14912
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00112-WBH-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK TWAIN HEATON, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 1, 2013)

Before DUBINA, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Mark Twain Heaton, III, appeals the district court's imposition of

his 180-month total sentence for distributing and possessing child pornography, in

violation of 18 U.S.C. § 2252(a)(2), (4), as cruel and unusual punishment and thus a violation of the Eighth Amendment as applied to him because the categorical proscription against considering Heaton's mitigating circumstances of past abuse prohibited him from receiving a sentence less than the mandatory minimum.

At age 38, Heaton was discovered by law enforcement receiving, downloading, and redistributing thousands of images of child pornography, some of which depicted very young children and sadistic or masochistic acts. He pled guilty to one count of possessing and one count of distributing child pornography. From age 9 to 14, Heaton had been subject to regular, sexual, sadistic, and masochistic abuse by a male family friend. As an adult, Heaton was diagnosed with considerable anxiety and partial Post Traumatic Stress Disorder ("PTSD"), which developed as a result of his childhood abuse. Heaton's psychological evaluation indicated that, while he met the criteria for pedophilia, his interest in viewing child pornography that depicted young children and sadistic and masochistic acts was likely an effort to understand his own memories of abuse. Additionally, when Heaton was 26, he was convicted of child molestation. This prior conviction raised Heaton's statutory mandatory minimum sentence from 5 to 15 years under 18 U.S.C. § 2252(b)(1). Heaton denies that the molestation ever occurred.

2

On appeal, Heaton argues that the 15-year mandatory minimum term of imprisonment violated the Eighth Amendment as applied to his case because the district court's adherence to the mandatory minimum required that the court ignore the extensive sexual abuse and torture that Heaton endured as a child, and the PTSD that Heaton developed as a result of this trauma.  Heaton argues that courts must graduate and proportion the punishment for a crime to both the offender and the offense, thus making his personal circumstances a required consideration.  He claims that his sentence was grossly disproportionate to the offense, especially when taking into account his abuse and reduced mental capacity.

We review *de novo* the legality of a sentence under the Eighth Amendment. *United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005).

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle."  *United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995).  To determine whether an Eighth Amendment violation has occurred, we first must make "a threshold determination that the sentence imposed is grossly disproportionate to the offense."  *Id.*  Only after determining that the sentence is grossly disproportionate to the offense, do we address the remaining "Solem factors"—the sentences imposed on other criminals in the same

3

jurisdiction, and the sentences imposed for commission of the same crime in other jurisdictions. *Id.*; *Solem v. Helm*, 463 U.S. 277, 292, 103 S.Ct. 3001, 3011, (1983). The burden is on the defendant to make the threshold showing that his sentence is grossly disproportionate to the offense committed. *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006).

"Outside the context of capital punishment, *successful* challenges to the proportionality of sentences are exceedingly rare," largely because we accord substantial deference to Congress's broad authority in determining the types and limits of punishments for crimes. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005) (alterations and internal quotation marks omitted). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Johnson*, 451 F.3d at 1243 (holding that a 140-year sentence for producing and distributing child pornography was not cruel and unusual because the sentence was within the statutory limits, and, thus, was not disproportionate to the offense) (internal quotation marks omitted).

We have never found a term of imprisonment to violate the Eighth Amendment, and "outside the special category of juvenile offenders[,] the Supreme Court has found only one." *United States v. Farley*, 607 F.3d 1294, 1343 (11th Cir. 2010). The Supreme Court's precedent clearly establishes "that the mandatory nature of a non-capital penalty is irrelevant for proportionality

purposes." *Id.*; *see Miller v. Alabama*, 567 U.S. __, __, 132 S.Ct. 2455, 2469-70, 183 L.Ed.2d 407 (2012) (holding narrowly that mandatory life sentences without parole were prohibited for juvenile offenders).  In *Farley*, we explained that the one case in which the Supreme Court held that a non-capital sentence imposed on an adult violated the Eighth Amendment involved a sentence of life imprisonment without parole imposed on a petty criminal who wrote a bad check for $100, and whose prior crimes were relatively minor and nonviolent.  *Farley*, 607 F.3d at 1337 (citing *Solem*, 463 U.S. at 280, 103 S.Ct. at 3005).  We also noted that, not only were all of the crimes committed in *Solem* nonviolent, none were crimes against a person.  *Id.* at 1338.

By contrast, *Harmelin v. Michigan*, 501 U.S. 957, 961, 111 S.Ct. 2680, 2684 (1991), involved a defendant who was convicted of possessing 672 grams of cocaine and sentenced to life without parole.  The Supreme Court explained that the crime in *Harmelin* was far more serious than the relatively minor, nonviolent, passive crime in *Solem. Id*. at 1001-02, 111 S.Ct. at 2705-06.  The Court explained that the "[p]ossession, use, and distribution" of illegal drugs threatened grave harm to society, not only because of the pernicious effects of drug use on the users, but also because the sale of drugs often leads to additional, violent crimes.  *Id.* at 1002–03, 111 S.Ct. at 2705-06.  Because of these ill effects, state legislatures are permitted to decide that the threat posed to the individual and society by the

possession of such a large amount of cocaine—"in terms of violence, crime, and social displacement—is momentous enough to warrant the deterrence and retribution of a life sentence without parole." *Id.* at 1003, 111 S.Ct. at 2706. Furthermore, the Supreme Court held that imposing a mandatory sentence of such severity without any consideration of mitigating factors, such as the defendant's lack of prior felony convictions, may be cruel, but was not unusual. *Id.* at 994, 111 S.Ct. at 2701.

Based on our review of the record, we conclude that the district court did not err in sentencing Heaton to 15 years' imprisonment. Heaton's case "is not one of those extraordinary cases, one of those exceedingly rare situations, in which the specified term of imprisonment violates the Eighth Amendment." *See Farley*, 607 F.3d at 1344. Like in *Harmelin* and unlike in *Solem*, Heaton's crime was of a socially destructive nature, not a "relatively minor, nonviolent crime." *See Harmelin*, 501 U.S. at 1002, 111 S.Ct. at 2705-06; *Solem*, 463 U.S. at 281, 303, 103 S.Ct. at 3005, 3016-17. Like the drug crime in *Harmelin*, Heaton's acquisition, possession, and distribution of thousands of images—depicting adults conducting lewd and cruel acts on very young children—served to support a socially destructive industry that is built on torturing and traumatizing young children. *See New York v. Ferber*, 458 U.S. 747, 757-58 & 758 n.9, 102 S.Ct. 3348, 3355 & n.9, 73 L.Ed.2d 1113 (1982) (agreeing with a New York legislative

finding that "the use of children as subjects of pornographic materials is harmful to the physiological, emotional,and mental health of the child" and to children as a whole and emphasizing that preventing such harm is "a government objective of surpassing importance").

Moreover, Heaton's prior offense of child molestation, which was responsible for increasing his mandatory minimum sentence from 5 to 15 years, was a crime against a person, specifically, a child, and was violent and predatory in nature. Unlike in *Solem*, *Harmelin*, and *Miller*, where defendants were sentenced to life without parole, the harshest sentence apart from the death penalty, Heaton received only 15 years. *See Miller*, 567 U.S. at __, 132 S.Ct. at 2469-70; *Harmelin*, 501 U.S. at 1002, 111 S.Ct. at 2705-06; *Solem*, 463 U.S. at 281, 303, 103 S.Ct. at 3005, 3016-17. Further, unlike the defendant in *Miller*, Heaton was an adult male. Because Heaton was not a juvenile and received a more lenient sentence than life, *Miller*'s narrow holding does not apply here. *See Miller*, 567 U.S. at __, 132 S.Ct. at 2469-70.

According to our precedent and that of the Supreme Court, Heaton's sentence was not unconstitutional. The receipt of a 15-year sentence for the offense committed, given Heaton's past conviction, does not meet the rigorous standard required to find a term of imprisonment, imposed on an adult, so grossly disproportionate as to be cruel and unusual. *See Farley*, 607 F.3d at 1343;

*Johnson*, 451 F.3d at 1243.  Based on the above analysis, we hold that Heaton has failed to make a threshold showing that imposing his sentence at the statutory minimum violated the Eighth Amendment.  Accordingly, we affirm his sentence.

    **AFFIRMED.**