[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15605
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00288-ACC-GJK-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEMO DOWE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 6, 2013)

Before HULL, JORDAN, and EDMONDSON , Circuit Judges.

PER CURIAM:

Kemo Dowe appeals his 240-month, mandatory minimum sentence, imposed after he pleaded guilty to one count of conspiring to distribute and possess with intent to distribute cocaine, cocaine base, marijuana, 4-Methylenedioxymethamphetamine ("MDMA"), and N-Benzylpiperazine ("BZP"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(C); and 846. In this appeal and for the first time, Dowe argues that the sentence (which was enhanced due to a prior cocaine conviction) constitutes cruel and unusual punishment.

For an error to be plain, it must be "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Hoffman*, 710 F.3d 1228, 1231-32 (11th Cir. 2013). The district court did not commit plain error. This Court's precedent has established the validity of mandatory minimum sentences imposed based on prior convictions. And Dowe failed to show that his sentence was grossly disproportionate. For background, see *United States v. Lopez*, 649 F.3d 1222, 1248 (11th Cir. 2011); *United States v. Farley*, 607 F.3d 1294 (11th Cir. 2010); *United States v. Brant*, 62 F.3d 367 (11th Cir. 1995).

AFFIRMED.