[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11608
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cr-00009-WTM-RSB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY WAYNE GUY, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 23, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jerry Guy, III, appeals his sentence of 188 months of imprisonment, following his plea of guilty to possessing with intent to distribute methamphetamine. 21 U.S.C. § 841(a)(1), (b)(1)(C). Guy challenges the constitutionality of the career-offender guideline, United States Sentencing Guidelines Manual § 4B1.1 (Nov. 2014), and the substantive reasonableness of his sentence. We affirm.

Guy makes two challenges to the constitutionality of the career-offender guideline, both of which fail. Guy argues that the career offender provisions violate his right to due process and equal protection under the Fifth Amendment, but that argument is foreclosed by *United States v. Brant*, 62 F.3d 367 (11th Cir. 1995), where we held that "[t]he career offender scheme of using a defendant's criminal record in considering both his offense level and his criminal history under the Sentencing Guidelines bears a rational relationship to a legitimate governmental purpose—'to prevent repeat offenders from continuing to victimize society.'" *Id.* at 368 (quoting *United States v. Johns*, 984 F.2d 1162, 1164 (11th Cir. 1993)). Guy also argues that the "imposition of a draconian mandatory sentence" under the guideline constitutes cruel and unusual punishment in violation of the Eighth Amendment, but we have held that a defendant, like Guy, who is sentenced within the statutory limits cannot make the threshold showing that his sentence is grossly disproportionate to his offense, *see United States v. Johnson*, 451 F.3d 1239, 1243

2

(11th Cir. 2006). Guy was sentenced at the low end of his advisory guideline range, which was unaffected by his classification as a career offender. Guy amassed 22 criminal history points, and with a base offense level of 30 for possessing between 50 and 150 grams of methamphetamine, U.S.S.G. § 2D1.1(c)(5), that was increased by two levels for possessing a firearm, *id.* § 2D1.1(b)(1), and another two levels for distributing a controlled substance as he entered a correctional facility, *id.* § 2D1.1(b)(4), he had an offense level of 34 and a criminal history category of IV, which was identical to what he faced as a career offender with two prior convictions for felony offenses, *id.* § 4B1.1(a).

Guy's sentence of 188 months of imprisonment is substantively reasonable. Guy was arrested after officers discovered in his vehicle a stolen .38 caliber revolver, a digital scale, a straw containing methamphetamine, and more than $600 dollars, and after arriving at jail, Guy transferred 121.88 grams of methamphetamine to another inmate. Guy's drug offense, as the district court stated, was his "third drug-related conviction in 2 years and his sixteenth conviction in 9 years" and "occurred 3 months after [he] was paroled for two prior drug-related convictions." And Guy had an extensive criminal background that included three prior convictions for possessing, selling, and manufacturing illegal drugs; six convictions that involved violent assaults and batteries of girlfriends and mistreating a six-year-old boy; and two convictions for driving under the influence.

3

The district court reasonably determined that "all of the[] aggravating factors [were] taken into account by the guideline calculation" and "that a sentence at the bottom of [Guy's] advisory guideline range" of 188 to 235 months of imprisonment satisfied the statutory purposes of sentencing. *See* 18 U.S.C. § 3553(a); *United States v. Irey*, 612 F.3d 1160, 1190–91 (11th Cir. 2010) (en banc). That Guy's sentence is within the advisory range and far less than his maximum statutory penalty of 20 years of imprisonment also suggests that his sentence is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The district court did not abuse its discretion.

We **AFFIRM** Guy's sentence.