[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13387
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00375-AKK-JEO-1


UNITED STATES OF AMERICA,

Plaintiff -Appellee,

versus

IRA LESTER BOWIE, Jr.,
a.k.a. Ira Bowie,

Defendant -Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 7, 2016)

Before TJOFLAT, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Ira Bowie Jr., who pled guilty to being a felon in possession of a firearm, appeals his mandatory 180–month sentence which was imposed pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). On appeal, Mr. Bowie argues that, in light of the Supreme Court's decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), the ACCA's mandatory 180-month sentence, as applied to him, violates the Eighth Amendment's prohibition on cruel and unusual punishment. He asserts that under *Miller* the ACCA's mandatory minimum sentence violates the Eighth Amendment because it acts as a categorical bar on proportional individualized sentencing.

We review *de novo* the legality of a sentence under the Eighth Amendment. *United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012). Upon review of the record and consideration of the parties' briefs, we affirm.

We have previously held that the mandatory minimum sentence of the ACCA for a person convicted of being felon in possession of a firearm does not violate the Eighth Amendment's ban on cruel and unusual punishment. *See United States v. Reynolds*, 215 F.3d 1210, 1215 (11th Cir. 2000). Mr. Bowie contends that the Supreme Court's decision in *Miller* has overruled that precedent, and that the 180–month mandatory minimum sentence he received is not proportional to his crime and is therefore unconstitutional. We are not persuaded.

2

"In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." *Reynolds*, 215 F.3d at 1214 (citing *United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995)). When we review the proportionality of a sentence we first determine whether the sentence is grossly disproportionate to the offense committed. *Id*. If we find that the sentence is grossly disproportionate, we then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions. *Id*. (citations omitted). In *Reynolds* we found that the imposition of a 180–month mandatory minimum—the same as the sentence at issue in this case—was not grossly disproportionate for a felon in possession offense. *See Id.*

The Supreme Court's *Miller* decision does not call for a different result here. "An intervening Supreme Court decision overrules one of our decisions only if it is directly on point." *United States v. Wilks*, 464 F.3d 1240, 1243 (11th Cir. 2006) (citation omitted). In *Miller*, the Court held that mandatory life imprisonment without the possibility of parole for juveniles violated the Eighth Amendment's ban on cruel and unusual punishment. *Miller*, 132 S.Ct. at 2461, 2463–69. *Miller* focused specifically on the Eighth Amendment and how a mandatory sentence of life in prison without parole was a violation of the Eighth Amendment with respect to juveniles. *Id*. *Miller* does not mention the ACCA, mandatory minimums, or

3

announce any new holdings concerning the Eighth Amendment's proportionality principle as to adults.

*Miller* does not directly overrule our decision in *Reynolds*. Consequently, the 180–month mandatory minimum sentence Mr. Bowie received under the ACCA does not violate the Eighth Amendment. We affirm that sentence.

**AFFIRMED**