[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11588

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JACK PROTZMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cr-00100-BJD-PDB-1

_____

Before BRASHER, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Jack Protzman appeals his sentence of 24 months' imprisonment for conspiracy to distribute marijuana, which was reached by a downward variance from his guideline range of 27 to 33 months' imprisonment. On appeal, Protzman argues that: (1) his sentence is procedurally unreasonable because the district court did not consider the 18 U.S.C. § 3553(a) factors relevant to his case on an individualized basis; and (2) his sentence is cruel and unusual, in violation of the Eighth Amendment, because it is disproportionate to his offense due to his old age and medical conditions. In response, the government argues that any challenge to the procedural or substantive reasonableness of the sentence is barred by the sentence-appeal waiver in Protzman's plea agreement. After thorough review, we affirm.

We review the validity of a sentence-appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We also review constitutional challenges to a sentence *de novo*. *United States v. Flanders*, 752 F.3d 1317, 1342 (11th Cir. 2014). However, if a defendant fails to raise an argument before the district court, then we review it for plain error. *Id*. To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously

affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* An error is only plain if it is contrary to a federal statute or on-point precedent of this Court or the U.S. Supreme Court. *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).

First, Protzman is barred from challenging the reasonableness of his sentence because of the appeal waiver in his plea agreement. For an appeal waiver to be effective, "it must be knowing and voluntary." *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). "In order to prevail in its argument that this court should enforce a sentence appeal waiver, the government" must prove one of two things: "that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [Fed. R. Crim. P. 11] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

Here, Protzman's sentence-appeal waiver was effective. He expressly waived all challenges to his sentence on appeal except for "(a) the ground that the sentence exceeds the defendant's applicable guideline range as determined by the Court pursuant to the United States Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; [] (c) the ground that the sentence violates the Eighth Amendment to the Constitution;" or (d) if the government appealed his sentence. Further, he made this waiver knowingly and voluntarily because the magistrate judge at his plea hearing "specifically questioned [him] concerning the sentence appeal waiver." *Id.* The magistrate judge explained the nature of his

right to appeal, all of the consequences of waiving it, and all of the exceptions to the waiver, and when it asked him if he understood all of this, Protzman replied, "I do, Your Honor." On this record, Protzman made the appeal waiver knowingly and voluntarily.

Because Protzman knowingly and voluntarily entered his sentence-appeal waiver, he is barred from appealing his sentence except in the case of the four exceptions described in the plea agreement. The four exceptions, as we've already detailed, involve situations where his sentence exceeds the applicable guideline range or the statutory maximum, his sentence violates the Eighth Amendment, or the government appeals his sentence. Notably, none of those exceptions include a challenge to the procedural or substantive reasonableness of a downward-variance sentence within the statutory limits. Thus, Protzman has waived all of the arguments that he classifies as challenging the procedural reasonableness of his sentence, which also includes arguments as to its substantive reasonableness. *See id*.

As for Protzman's remaining challenge to his sentence -- that it was cruel and unusual in violation of the Eighth Amendment -- we are unpersuaded. "In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." *United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995). To determine that a non-capital sentence is cruel and unusual in violation of the Eighth Amendment, we "must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed and, if it is grossly disproportionate, [we] must then

consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000). "Generally, sentences within the statutory limits are 'neither excessive, nor cruel and unusual under the Eighth Amendment.'" *United States v. Bowers*, 811 F.3d 412, 432 (11th Cir. 2016) (quoting *United States v. Moriarty*, 429 F.3d 1012, 1024 (11th Cir. 2005)).

Here, the record reflects that Protzman did not argue that his sentence was cruel and unusual before the district court, so we must review this issue only for plain error, and can find none. *Flanders*, 752 F.3d at 1342. Indeed, Protzman does not cite to any controlling precedent from this Court or the Supreme Court to support his claim that it was plain error to impose a sentence of incarceration within the statutory limit for an elderly defendant with health problems. In fact, our controlling precedent holds the opposite -- that is, that sentences within the statutory range set by Congress, like Protzman's, which was well below the 20-year statutory maximum, will generally not violate the Eighth Amendment. *See Bowers*, 811 F.3d at 432.

Because Protzman has failed to cite to on-point, controlling precedent supporting his claim, he has failed to show that the district court plainly violated the Eighth Amendment. *See Hoffman*, 710 F.3d at 1232.

**AFFIRMED.**