[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 09, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-14427
Non-Argument Calendar

_____

D. C. Docket No. 07-00099-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO GOVEO-ZARAGOZA,

Defendant-Appellant.

_____

No. 07-14554
Non-Argument Calendar

_____

D. C. Docket No. 07-00099-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES ESCOBEDO-ESTRADA,
a.k.a. ANDRES ESTRADA-ESCOBEDO,

                                                    Defendant-Appellant.

_____

No. 07-14632
Non-Argument Calendar
_____

D. C. Docket No. 07-00099-CR-T-23-TBM

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

RAFAEL BUESA-HERRERA,
a.k.a. Rafael Humberto Herrera-Bueso,
a.k.a. Rafael Bueso-Herrera,

                                                    Defendant-Appellant.

_____

No. 07-14655
Non-Argument Calendar
_____

D. C. Docket No. 07-00099-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELEAZAR CAMACHO-MALDONADO,

Defendant-Appellant.

_____

No. 07-14656
Non-Argument Calendar

_____

D. C. Docket No. 07-00099-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL CRUZ-ACOSTA,

Defendant-Appellant.

_____

No. 07-15313
Non-Argument Calendar

_____

D. C. Docket No. 07-00099-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

3

versus

FRANCISCO PAUL VALDEZ-GONZALEZ,

Defendant-Appellant.

_____

No. 07-15444
Non-Argument Calendar
_____

D. C. Docket No. 07-00099-CR-T-23TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE ARMANDO LIZARRAGA-CACERES,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

**(February 9, 2009)**

Before DUBINA, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Jose Antonio Goveo-Zaragoza, Andres Estrada-Escobedo, Rafael

4

Buesa-Herrera, Eleazer Camacho-Maldonado, Miguel Cruz-Acosta, Francisco Paul Valdez-Gonzalez, and Jorge Lizarraga-Caceres appeal their sentences for drug offenses. Valdez-Gonzalez also challenges his conviction. The seven codefendants were indicted by a federal grand jury on charges of conspiring to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b), and 21 U.S.C. § 960(b)(1)(B)(ii), and possession with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, in violation §§ 70503(a), 70506(a), 960(b)(1)(B)(ii), and 18 U.S.C. § 2. Each appellant pleaded guilty to the charges.

## I.    Goveo-Zaragoza

Goveo-Zaragoza was sentenced to 235 months' imprisonment. On appeal, he contends that the district court erred in denying him a safety-valve reduction, as the government did not offer any evidence to demonstrate that his statements and testimony were not truthful and complete. He also argues that, although he was an operational officer on the boat, his sentence was unreasonable because many of his codefendants with "greater or equal culpability" received lesser sentences, and this constituted cruel and unusual punishment. Finally, Goveo-Zaragoza contends that he was subjected to cruel and unusual punishment, in violation of the Eighth

5

Amendment, because officials deprived him of his heart medication for four days.

## A.    Safety-valve relief

We review a district court's safety-valve fact-finding for clear error. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). Under the safety-valve provision, a district court shall impose a sentence without regard to any statutory mandatory minimum if a defendant convicted of certain drug crimes satisfies certain criteria established in U.S.S.G. § 5C1.2. Section 5C1.2(a) "requires a defendant to both truthfully and fully disclose information within [his] knowledge relating to the crime for which [he] is being sentenced." *United States v. Figueroa*, 199 F.3d 1281, 1283 (11th Cir. 2000).

After reviewing the record, we conclude that the district court did not clearly err by failing to grant Goveo-Zaragoza a two-level safety-valve reduction because it found that he withheld information regarding how much he knew about the scope of the common scheme and how much compensation he would receive for his role in the criminal activity.

## B.    Reasonableness

The Supreme Court has explained that the substantive reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. ___, ___, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). The district

court must consider the following factors to determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).  While the district court must consider the § 3553(a) factors, it is not required to discuss each factor.  *Id.*

We have declined to review a claim that a sentence constituted cruel and unusual punishment when the argument was not raised in the district court.  *See United States v. Sanchez*, 138 F.3d 1410, 1417 (11th Cir. 1998).  Nevertheless, we generally review a constitutional challenge to a sentence not raised in the district court for plain error.  *United States v. Swatzie*, 228 F.3d 1278, 1281 (11th Cir. 2000).  To correct plain error, we first must find (1) error, (2) that is plain, and (3) that affects substantial rights.  "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.*  (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S.

7

Ct. 1544, 1548-49 (1997)).

"In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." *United States v. Brant*, 62 F.3d 367, 368 (11th Cir. 1995). We "must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed, and if it is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions." *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000).

We conclude from the record that Goveo-Zaragoza's sentence was substantively reasonable because, despite the fact that he received a higher sentence than some of his codefendants, he was not similarly situated to those codefendants. Further, his sentence did not constitute cruel and unusual punishment because, based on his role as an operation officer, as well as the historic amount of cocaine involved and the severity of the offense in this regard, it cannot be said that his sentence was "grossly disproportionate" to the offense.

## C.    Cruel and unusual punishment

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). This

is a constitutional tort, which is properly brought through a 42 U.S.C. § 1983 cause of action, and not on direct appeal. *See Anderson v. City of Atlanta*, 778 F.2d 678, 686 n.12 (11th Cir. 1985). Because Goveo-Zaragoza attempts to raise this claim on direct appeal, as opposed to a proper § 1983 action, we will not consider the claim. *See id.*

## II. Estrada-Escobedo

Estrada-Escobedo was sentenced to 151 months' imprisonment. On appeal, he first appears to contend that he should have received a minor-role reduction, as the court should have taken into account the fact that he did not have any decision-making authority, did not plan or organize the offense, and was only a "rudimentary" participant. He also argues that his sentence was unreasonable, because he was taken into custody in the United States, and, by no fault of his own, he became an illegal alien in this country subject to deportation and exposed to several disparate sentencing and confinement conditions.

### A. Minor-role reduction

A district court's determination of a defendant's role in an offense constitutes a factual finding to be reviewed only for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a

mitigating-role reduction. *Id.* at 939. The guidelines provide for a two-level reduction for a minor participant, which is defined as a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 and cmt. (n.5). To determine whether this reduction applies, a district court first should measure the defendant's role against the relevant conduct for which the defendant has been held accountable. *De Varon*, 175 F.3d at 940-41. The amount of drugs, in particular, is a material consideration in assessing the defendant's role, and "may be dispositive–in and of itself–in the extreme case." *Id.* at 943. Further, "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id.* at 942-43.

Although, in many cases, this first method of analysis will be dispositive, the district court also may measure the defendant's culpability in comparison to that of other participants in the relevant conduct. *Id.* at 944-45. Two sub-principles guide this application of the analysis: (1) the district court should look only to other participants who are identifiable or discernable from the evidence; and (2) only those participants who were involved in the relevant conduct attributed to the defendant may be considered. *Id.* at 944. "The conduct of participants in any

10

larger criminal conspiracy is irrelevant." *Id.*

Because the record demonstrates that Estrada-Escobedo's role in the offense was identical to his relevant conduct, and he failed to show that he was less culpable than the other crew members in the relevant conduct of transporting the cocaine, we conclude that the district court did not clearly err by finding that he did not qualify for a minor-role reduction.

## B. Reasonableness

We may review a sentence for procedural or substantive reasonableness. *See Gall*, 552 U.S. at ___, 128 S. Ct. at 597; *see also United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). Although Estrada-Escobedo preserved his reasonableness challenge, he did not raise below the specific argument regarding his status as an illegal alien. Accordingly, review of this argument is for plain error. *See United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003). The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. *Gall*, 552 U.S. at __, 128 S. Ct. at 597. "[T]here is a range of reasonable sentences from which the district court may choose," and "[a] district court may impose a

11

sentence that is either more severe or lenient than the sentence we would have imposed." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A court is free to determine the appropriate weight to be given to each of the § 3553(a) factors. *See United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006), *cert. dismissed*, 127 S. Ct. 3040 (2007).

Because we conclude from the record that the district court correctly calculated the advisory guideline range and considered the factors enumerated in § 3553(a), and Estrada-Escobedo's sentence was at the bottom of the guideline range, we hold that the district court imposed a procedurally and substantively reasonable sentence. Further, Estrada-Escobedo's argument that the district court erred by not considering the sentencing disparity between himself and a non-alien is without merit because a sentencing court is not required to discuss each § 3553(a) factor, and the weight that the court assigned to each factor is within its discretion. Accordingly, we affirm Estrada-Escobedo's sentence.

## III.  Buesa-Herrera

Buesa-Herrera was sentenced to 151 months' imprisonment. On appeal, he first contends that the district court clearly erred by failing to grant him a two-level minor-role reduction, as he had no knowledge of the structure of the enterprise or a clear understanding of the roles of others involved in the conspiracy, and he knew

12

only a few hours before that he would be loading cocaine onto a ship. He also argues that his sentence was arbitrary and procedurally unreasonable because the district court considered only the amount of drugs involved in the offense, which determined the guideline range, and it failed to consider the other § 3553(a) sentencing factors.

### A. Minor-role reduction

Because the record indicates that Buesa-Herrera's role in the offense was identical to his relevant conduct, and he failed to show that he was less culpable than the other crew members in the relevant conduct of transporting the cocaine, we conclude that the district court did not plainly err by finding that he did not qualify for a minor-role reduction.

### B. Reasonableness

Because the record supports the district court's calculation of the advisory guideline range, and it shows that the district court adequately considered the factors enumerated in § 3553(a), we conclude that it imposed a procedurally reasonable sentence. Accordingly, we affirm Buesa-Herrera's sentence.

## IV. Camacho-Maldonado

Camacho-Maldonado was sentenced to 151 months' imprisonment. On appeal, he first contends that the district court clearly erred in not granting him a

13

minor-role reduction, as there were "many" other people involved in the conspiracy who played a far greater role than he did, and he was merely a courier and the lowest-ranking member of the crew. He also argues that his sentence was unreasonable, because the district court failed to consider the effect that his imprisonment will have on his family in Mexico.

### A. Minor-role reduction

Because the record demonstrates that Camacho-Maldonado's role in the offense was identical to his relevant conduct, and he failed to show that he was less culpable than the other crew members in the relevant conduct of transporting the cocaine, we conclude that the district court did not clearly err by finding that he did not qualify for a two-level minor-role reduction.

### B. Reasonableness

Because we conclude from the record that the district court correctly calculated the advisory guideline range and adequately considered the factors enumerated in § 3553(a), it imposed a procedurally reasonable sentence. Accordingly, we affirm Camacho-Maldonado's sentence.

## V. Cruz-Acosta

Cruz-Acosta was sentenced to 151 months' imprisonment. On appeal, he contends that the district court erred in denying him a minor-role reduction, as the

14

court appeared to have concluded that, in "boat cases," a defendant is precluded as a matter of law from receiving this reduction, and the court considered only the offense itself, without taking into account Cruz-Acosta's actual role in it. He also argues that his sentence was procedurally unreasonable because the district court considered only the quantity of drugs that he transported in determining that he was not eligible for a minor-role reduction.

## A. Minor-role reduction

Because the record demonstrates that Cruz-Acosta's role in the offense was identical to his relevant conduct, and he failed to show that he was less culpable than the other crew members in the relevant conduct of transporting the cocaine, we conclude that the district court did not plainly err by finding that he did not qualify for a two-level minor-role reduction.

## B. Reasonableness

Because the record demonstrates that the district court correctly calculated the advisory guideline range and considered the factors enumerated in § 3553(a), and Cruz-Acosta's sentence was at the bottom of the guideline range, we conclude that the district court imposed a procedurally and substantively reasonable sentence. Accordingly, we affirm Cruz-Acosta's sentence.

## VI. Valdez-Gonzalez

15

After entering his guilty plea, Valdez-Gonzalez moved to withdraw the plea, arguing that he was misinformed by his attorney regarding his options in going to trial versus pleading guilty. The court denied this motion and subsequently sentenced Valdez-Gonzalez to 245 months' imprisonment. On appeal, Valdez-Gonzalez first argues that his guilty plea was invalid and must be withdrawn, because his trial counsel was ineffective for failing to assert trial defenses and improperly advising him about the application of the guidelines, such that his decision to plead guilty was misinformed. He also contends that the district court erred in imposing two-level captain enhancement, pursuant to U.S.S.G. § 2D1.1(b)(2)(B), because there was no evidence presented to establish that the object of the conspiracy was to import or distribute drugs in this country. In other words, the Government did not show a jurisdictional nexus to the United States.

### A. Guilty plea

We review the denial of a request to withdraw a guilty plea for an abuse of discretion, reversing only if the court's ultimate conclusion is "arbitrary or unreasonable." *United States v. Freixas*, 332 F.3d 1314, 1316, 1318 (11th Cir. 2003). Pursuant to Fed.R.Crim.P. 11(d), a court may permit a defendant to withdraw his plea before the court imposes sentence for a "fair and just reason." Fed.R.Crim.P. 11(d)(2)(B). In determining whether a defendant has shown a "fair

16

and just reason," the court evaluates the totality of the circumstances, including: (1) whether the defendant had close assistance of counsel; (2) whether his plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced by the withdrawal. *Freixas*, 332 F.3d at 1318 (citing *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988)).

We conclude from the record here that the district court did not abuse its discretion in not allowing Valdez-Gonzalez to withdraw his guilty plea because he did not establish a fair and just reason for the withdrawal. Accordingly, we affirm Valdez-Gonzalez's conviction.

## B.    Captain enhancement

We review a district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*. *United States v. Cartwright*, 413 F.3d 1295, 1298 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1116 (2006). The guidelines provide for a two-level enhancement in a defendant's offense level "[i]f the defendant unlawfully imported or exported a controlled substance under circumstances in which . . . the defendant acted as a pilot, copilot, captain, navigator, . . . aboard any craft or vessel carrying a controlled substance." U.S.S.G. § 2D1.1(b)(2)(B). We have not adopted a rigid definition of the term "captain," but rather, look to the facts of each case to determine whether the

17

enhancement was properly applied. *See Cartwright*, 413 F.3d at 1298. In *United States v. Rendon*, 354 F.3d 1320, 1229-31 (11th Cir. 2003), we rejected the appellant's arguments that, in order for the captain enhancement to apply, the controlled substance actually must be imported, and because there was no actual importation into the United States and no evidence that the cocaine was destined to be delivered to the United States, the enhancement could not be applied.

Because Valdez-Gonzalez was the captain of a vessel carrying a controlled substance that was intended to be unlawfully imported or exported, we conclude that the district court did not clearly err in applying the captain enhancement here. Accordingly, we affirm Valdez-Gonzalez's sentence as well.

## VII. Lizarraga-Caceres

Lizzaraga-Caceres was sentenced to 188 months' imprisonment. On appeal, he contends that the district court erred in denying him a mitigating-role reduction, as he was nothing more than a "mule" here, and the court should have considered that he: (1) was not going to receive any of the proceeds from the drugs; (2) did not own or package the drugs: and (3) did not plan the trip or book the vessel.

Because the record demonstrates that Lizarraga-Caceres's role in the offense was identical to his relevant conduct, and he failed to show that he was less culpable than the other crew members in the relevant conduct of transporting

cocaine, we conclude that the district court did not clearly err by finding that he did not qualify for a mitigating-role reduction. Accordingly, we affirm his sentence.

For the above-stated reasons, we affirm Valdez-Gonzalez's conviction and all of the defendants' sentences.

**AFFIRMED.**