[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2010
JOHN LEY
CLERK

No. 09-15439
Non-Argument Calendar

_____

D. C. Docket No. 08-00536-CR-T-24-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MERCANDY GAETAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 10, 2010)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Mercandy Gaetan appeals his 435-month sentence, imposed after he pleaded

guilty to one count of conspiracy to commit robbery, in violation of 18 U.S.C.

§ 1951(a) (Count 1); two counts of robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 2 and 4); and two counts of carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Counts 3 and 5).

Gaetan's plea agreement included a sentence appeal waiver, in which he waived the right to appeal his sentence or challenge it collaterally on any ground, subject to three exceptions: (1) the sentence exceeded the applicable guidelines range as determined by the district court; (2) the sentence exceeded the statutory maximum; or (3) the sentence violated the Eighth Amendment to the Constitution.

The district court sentenced Gaetan to a total of 435 months imprisonment— 51 months for Counts 1, 2, and 4; the statutory mandatory minimum of 7 years for Count 3, to run consecutive to Counts 1, 2, and 4; and the statutory mandatory minimum of 25 years for Count 5, to run consecutive to Counts 1, 2, 3, and 4.

## I.

Four of the five arguments that Gaetan raises on appeal—(1) that the district court erred in denying him a reduction for acceptance of responsibility; (2) that the district court erred in imposing consecutive mandatory minimum sentences; (3) that mandatory minimum sentences are contrary to the Sentencing Commission's original goals, and (4) that his total sentence was substantively unreasonable—are

foreclosed by the sentence appeal waiver in Gaetan's plea agreement.

"We review the validity of a sentence appeal waiver de novo." United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). A sentence appeal waiver is effective if it is made knowingly and voluntarily. Id. In this case, the record shows that the district court reviewed the sentence appeal waiver with Gaetan at the plea hearing, Gaetan confirmed that he understood the waiver, and Gaetan stated that he was agreeing to the waiver freely and voluntarily as part of his plea agreement. We therefore find that Gaetan entered into a valid, enforceable waiver. See United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). Because none of the arguments listed above fall within the limited exceptions to the sentence appeal waiver, we dismiss as to these issues.

## II.

Gaetan also challenges his sentence on the ground that it constitutes cruel and unusual punishment prohibited by the Eighth Amendment, because the sentence is disproportionate to the offense and also because the mandatory minimums forced the district court to impose a sentence that failed to account for his unique circumstances.

"We review challenges to the constitutionality of a sentence *de novo*." United States v. Sanchez, 586 F.3d 918, 932 (11th Cir. 2009). "In non-capital

3

cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle." United States v. Brant, 62 F.3d 367, 368 (11th Cir. 1995). The Supreme Court has made it clear that "'[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare.'" Solem v. Helm, 463 U.S. 277, 289–90, 103 S. Ct. 3001, 3009 (1983) (alterations in original) (quoting Rummel v. Estelle, 445 U.S. 263, 272, 100 S. Ct. 1133, 1138 (1980)).

Gaetan has not shown that his sentence is "grossly disproportionate to the offense committed." Brant, 62 F.3d at 368. Gaetan committed two armed robberies, and Congress has determined that such crimes should be punished with lengthy consecutive sentences. We must accord "substantial deference" to Congress, which possesses "broad authority . . . in determining the types and limits of punishments for crimes." Solem, 463 U.S. at 290, 103 S. Ct. at 3009. "'In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment.'" United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (quoting United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005)). Because the district court sentenced Gaetan within the statutory limits, he has not made a threshold showing of disproportionality with respect to his sentence. See id.

The fact that the mandatory minimums prevented the district court from considering Gaetan's unique circumstances does not render the sentence unconstitutional. "'[A] sentence which is not otherwise cruel and unusual does not become so simply because it is mandatory.'" United States v. Raad, 406 F.3d 1322, 1324 (11th Cir. 2005) (internal quotation marks and alterations omitted) (quoting Harmelin v. Michigan, 501 U.S. 957, 995, 111 S. Ct. 2680, 2701 (1991)). We have previously rejected Eighth Amendment challenges to the imposition of mandatory minimum sentences under several different statutes. See, e.g., United States v. Arias-Izquierdo, 449 F.3d 1168, 1187 (11th Cir. 2006) (air piracy); Raad, 406 F.3d at 1324 (smuggling aliens into the United States); United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000) (Armed Career Criminal Act); United States v. Willis, 956 F.2d 248, 251 (11th Cir. 1992) (drug trafficking). We see no reason to differentiate those offenses from the offense for which Gaetan was convicted, carrying and brandishing a firearm during and in relation to a crime of violence. For the foregoing reasons, Gaetan's 435-month sentence does not violate the Eighth Amendment's ban on cruel and unusual punishment.

**DISMISSED IN PART, AFFIRMED IN PART.**